UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN B.,<br><br>                      Plaintiff,<br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                      Defendant. | Case No. 3:23-cv-06075-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

      Plaintiff applied for SSI and DIB in December 2015 and March 2016, respectively. AR 1182. His alleged date of disability onset was September 28, 2013. *Id.* The applications were denied initially and following reconsideration (AR 112, 155); ALJ Rebecca Jones held hearings on plaintiff's applications in October 2017 (AR 41–89) and May 2018 (AR 90–111). Judge Jones issued a decision in September 2018 which found plaintiff was disabled beginning April 25, 2018, but was not disabled before that date. AR 22-34. On appeal to this Court, U.S. Magistrate Judge Mary Alice Theiler affirmed ALJ Jones's decision. AR 1286–1301.

1

On appeal to the Ninth Circuit, plaintiff contended ALJ Jones's decision was invalid because, at the time of the two hearings, the ALJ's appointment was not compliant with the Constitutional requirements of the Appointments Clause (U.S. Const. Art II § 2 cl. 2). *See* AR 1282–85.

Before June 2018, Social Security Administration ALJs, like ALJ Jones, were appointed in the same manner as the ALJs whose appointments were invalidated in *Lucia v. SEC*, 138 S. Ct. 2044 (2018); all SSA ALJs were subsequently appointed in a manner compliant with the Appointments Clause. *See Carr v. Saul*, 141 S. Ct. 1353, 1362 (2021). The Commissioner did not object to remand on this basis. *See* AR 1282–83. In June 2021, the case was remanded by the Ninth Circuit with instructions to conduct a new hearing before a different, properly appointed ALJ. *See* AR 1276–77, 1285.

On remand, a new hearing was held before ALJ David Johnson on April 13, 2020. AR 1210–23. On May 23, 2023, ALJ Johnson issued a decision finding plaintiff not disabled prior to April 25, 2018. AR 1188–1202. Plaintiff challenges ALJ Johnson's determination that plaintiff was not disabled and the operative date for review is the period prior to April 25, 2018.[1]

---

[1] ALJ Johnson's decision did not determine whether plaintiff was disabled after that date. *See* AR 1183, 1202. Plaintiff "requests that the Court enter a judgment affirming the ALJ's decision for the time period subsequent to April 25, 2018." Dkt. 10 at 19; Dkt. 22 at 3. The Court may not disturb that portion of the decision favorable to plaintiff, *see Brown v. Kijakazi*, 11 F.4th 1008, 1009–10 (9th Cir. 2021), and plaintiff lacks standing to seek judicial review of it, *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (standing requires injury); *Davis v. FEC*, 554 U.S. 724, 732 (2008) ("[A] plaintiff must demonstrate standing for . . . each form of relief sought."); *cf. Buck v. Sec'y of Health & Hum. Servs.*, 923 F.2d 1200, 1203 (6th Cir. 1991) ("If the individual has fully prevailed on his or her [social security] claim, he or she has no standing to appeal because he or she has received all the relief sought, leaving no case or controversy."). The Court therefore declines to review the Commissioner's decision finding plaintiff disabled after April 25, 2018.

DISCUSSION

The parties agree ALJ Johnson erred and the error was not harmless; there is no dispute on the issue of whether this matter should be remanded for further administrative proceedings. *See* Dkt. 10; Dkt. 21 at 1. The sole disputed issue is whether the remand order should direct that a new ALJ must be assigned. *See* Dkt. 10 at 19; Dkt. 21 at 1.

Plaintiff contends that, because ALJ Johnson's decision repeated verbatim much of ALJ Jones's decision, plaintiff was not given the "independent decision issued by a different ALJ" to which he was entitled under *Cody v. Kijakazi*, 48 F.4th 956, 963 (9th Cir. 2022), as a remedy for his claim having been initially heard by an improperly appointed ALJ. Dkt. 10 at 3–5. He contends ALJ Johnson's decision was tainted by the appointments clause defect of ALJ Jones's decision. *See id.* This taint, he contends, must be cured with the appointment of a new ALJ. *See id.* at 19. Defendant, on the other hand, contends plaintiff was given the proper remedy under *Cody*, as he was given a new hearing before a properly appointed ALJ. Dkt. 21 at 3 (quoting *Cody*, 48 F.4th at 961).

The Ninth Circuit's opinion in *Cody* emphasized the requirement of "an *independent decision* issued by a different ALJ if a timely challenged ALJ decision is 'tainted' by a pre-ratification ALJ decision." 48 F.4th at 963 (emphasis added). This remedy "promotes the structural purpose[]" of ensuring that a "politically accountab[le]" officer adjudicates the claim and "encourage[s] claimants to raise Appointments Clause violations." *Id.* at 961–63.

3

In this case, although ALJ Jones was properly appointed between the time of the hearings she held on plaintiff's applications and the issuance of her decision, the Court concludes that ALJ Jones's decision was tainted by her lack of proper appointment at the time of the hearings; the Commissioner did not object before the Ninth Circuit to an Appointments Clause remand (AR 1282–83) and Commissioner does not argue otherwise here (Dkt. 21).

The Ninth Circuit's analysis of the facts of *Cody* make clear that ALJ Johnson's decision was tainted by ALJ Jones' decision. In *Cody*, the same ALJ issued decisions both before and after being properly appointed. *Id.* at 959. In her second decision, the ALJ "reached the same conclusion and lifted [several] exact sentences—word for word—into [her second decision]." *Id.* at 962–63. Under these circumstances, the Ninth Circuit said, it was "obvious that the [first] decision tainted" the second one. *Id.* at 962.

Here, ALJ Johnson's decision reached the same conclusions and lifted more than a few sentences from ALJ Jones's decision. *See supra* note 2; AR 18–30, 1185–1200. It is "obvious" under such circumstances that ALJ Johnson did not take a "fresh look" at the case, and, instead, deferred to the prior decision of ALJ Jones. *Cody*, 48 F.4th at 963. ALJ Johnson's decision was thus "tainted" by ALJ Jones's decision. *Id.*

The Commissioner argues that ALJ Jones did not author the decision currently being reviewed on plaintiff's appeal. But the Commissioner presents a conclusory argument and does not point to any portions of ALJ Johnson's decision that would suggest ALJ Johnson independently reviewed plaintiff's case. Dkt. 21 at 3-5.

Because Judge Johnson followed the exact analysis of Judge Jones regarding plaintiff being not disabled before April 25, 2018, this Court has a responsibility to

review whether Judge Johnson's decision was tainted by the unconstitutional appointment of the previous ALJ who issued the first decision in plaintiff's case, under the *Cody* reasoning. *Id.* at 962. ALJ Johnson's steps one, two, and three findings are identical to ALJ Jones's. *Compare* AR 18–21 *with* AR 1185–87. The vast majority of the thirteen-page section of ALJ Johnson's opinion justifying the residual functional capacity (RFC) assessment repeats verbatim ALJ Jones's RFC assessment, and both opinions have an identical RFC. *Compare* AR 21–32 *with* AR 1187–1300. Judge Johnson's summary of the medical evidence and assessment of plaintiff's subjective symptom testimony repeat those portions of ALJ Jones's decision, except that an update is added – a discussion of plaintiff's 2023 testimony, a summary of a new exhibit, and one added paragraph. *Compare* AR 21–26, 30–32 *with* AR 1187–94, 1198–1200. ALJ Johnson's assessment of the entirety of the medical opinion evidence repeats ALJ Jones's assessment of that evidence, save for a few sentences describing the disqualification of one source and two additional sentences added to the assessment of another source's opinion. *Compare* AR 26–30 *with* AR 1194–98.

The record shows that plaintiff's claim has not received a fresh look on remand. ALJ Johnson ratified and largely repeated the previous decision -- the opinions by two different ALJ's left plaintiff with "little benefit in defending the constitutional requirement." *See id.* at 961–63.

The holding and reasoning of *Cody* requires that the Court consider that ALJ Jones authored the first decision, and the Court concludes that ALJ Johnson's decision on the second remand incorporated and was driven by what Judge Jones had previously decided. *Id.* "[W]hat cannot be done directly cannot be done indirectly."

5

*Cummings v. Missouri*, 4 Wall. 277, 325 (1867). Because ALJ Johnson's decision was tainted by ALJ Jones's decision, plaintiff is entitled "to an independent decision issued by a different ALJ." *Cody* 48 F.4th at 963.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings, including an independent, *de novo* hearing on the portion of the decision that is subject to review (whether plaintiff was disabled between the alleged date of onset (September 28, 2013) and April 25, 2018, and the remand hearing must be conducted by an ALJ that has not previously considered this matter.

The Commissioner is directed to provide plaintiff with a new ALJ and an independent review as required by the Ninth Circuit: "an *independent decision* issued by a different ALJ" because plaintiff timely challenged ALJ Jones' decision in the first round of review, and timely challenged Judge Johnson's decision in the second round of review; Judge Jones' decision in round one led to Judge Johnson's decision in round two; and the portion of Judge Johnson's decision finding plaintiff was not disabled is "'tainted'." 48 F.4th at 963 (emphasis added).

Dated this 1st day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge